GOLDY et al. v. GUGGENHEIM et al. (Circuit Court, S. D. New York, October 11, 1898.) George C. Lay and Thomas P. Wickes, for complainants. John P. Bennett and Joseph H. Choate, for defendants.

LACOMBE, Circuit Judge. This suit is similar to the others brought against the same defendants. Huber v. Guggenheim, 89 Fed. 598; Reichenbach v. Same, Id. 1023; Hummel v. Same, Id. 1023; Nordlinger v. Same, Id. 1023; Alder v. Same, Id. 1021. The contract was signed in March, 1890, subsequent to the granting of unlimited licenses for nominal considerations to the four American houses, and, if the court were satisfied that a statement was made by defendants, or on their behalf, that no better terms had been given to other licensees, the prayer of the bill would be granted. No sane man would have entered into this contract if he knew of the existence of the American contracts. Misrepresentation as to them would be clearly material. But the difficulty in this case is with the proof that any such representation was made. The negotiations leading up to the contract were had, not with Solomon Guggenheim, nor with any of the defendants, but with Adolph Brunner, their clerk. The testimony of the member of complainants' firm who carried on the negotiations is not especially persuasive. Upon direct examination he says that Brunner told him his contract "was on more advantageous terms than any of [his] competitors had." But, when pressed, on cross-examination, as to whether he was prepared to testify that Brunner told him that, he replied: "I cannot say exactly, but he gave me to understand that. Q. You inferred that? A. Yes." Brunner explicitly denies that he made any such statement. Upon this contradictory testimony,—complainants having the burden of proof,—the court is not satisfied that the false representation was made. The other points in the case are covered by opinion in Huber v. Guggenheim (filed yesterday) 89 Fed. 598.